### SAMUEL G. SMITH'S CASE.

An insolvent discharged on a judge's order for want of indemnity to the county, cannot be again imprisoned in the same case.

Kent, April term, 1844. Habeas corpus. The sheriff returned that the defendant was in custody on a writ of ca. sa. at the suit of Thatcher & Coleman.

The defendant was rendered by his special bail in this suit after judgment and fi. fa. returned nulla bona ; ca. sa. returned non est, and sci. fa. issued. He was afterwards discharged under a judge's order for indemnity to the county, under section six of the act concerning insolvent prisoners, (*Dig.* 312,) and forthwith arrested again under an alias ca. sa. in the same case. The application was now for his discharge under said section, which provides that a person discharged from imprisonment pursuant thereto, shall not be again arrested " upon the same process."

The argument of *Bates, jr.,* for the petitioner was, that this imprisonment, being in the same suit, was a second imprisonment on the same *process,* taking the term in a general sense.

*Mr. Frame,* replied that the imprisonment on the ca. sa. was not on the same process from which the defendant was discharged; that he was not before imprisoned on any process, but on the surrender of his bail and commitment of the judge.

*The Court* said that the narrow construction which regards the meaning of the term " process," as applicable merely to the writ, would defeat the object of the law. Neither can it mean similar process; for it would be idle to suppose the legislature meant to discharge a debtor from one writ, and allow the creditor to imprison him on an alias, in the same case. It is said the defendant was not imprisoned on the first occasion by virtue of any process, being surrendered by his special bail. But he cannot be said to be committed by the bail. He is in on the commitment by the judge on the surrender; and is in custody by virtue of process in this suit. Even the bail piece may be properly regarded as process for this purpose. The meaning of the law is, that after the rule is made on a creditor to give security to indemnify the county against the support of his debtor, and he refuses to do so, he shall not be permitted to imprison him again in the same suit.

Petitioner discharged.